UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARGIE L. HULLAND,**

    **Plaintiff,**

v.                                      Case No. 8:05-CV-1968-EAJ

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security,**

    **Defendant.**
_____/

**FINAL ORDER**

Plaintiff brings this action pursuant to the Social Security Act (the "Act") as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI")under the Act.[2]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge(Dkt. 14).

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g) (2003). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (internal quotation marks and citation omitted). This court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]"; therefore the Commissioner's decision must be affirmed if it is supported by substantial evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).

If the Commissioner committed an error of law, the reviewing court must remand the case to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff filed an application for DIB and SSI payments on August 28, 2003, alleging an onset of disability on April 27, 2003,

attributed to foot problems, depression, and acid reflux. (T 54, 68, 82) At the time of the ALJ's decision, Plaintiff was a forty-three year old individual with a high school education and relevant past work experience as a head cook. (T 13, 83)  Following a hearing, the ALJ denied Plaintiff's claim in a decision dated May 24, 2005. (T 12-20)  The Appeals Council denied Plaintiff's request for review on August 17, 2005, making the ALJ's decision the final decision of the Commissioner. (T 4-6)

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of April 27, 2003. (T 19) The ALJ also determined that Plaintiff's left and right heel spurs, residual effects of three left foot surgeries, bilateral plantar fasciitis, gastroesophageal reflux disease ("GERD"), and depression are severe impairments. (T 14, 19) However, the ALJ concluded that these impairments do not meet or medically equal any listed impairment found in Appendix 1, Subpart P of Regulations No. 4, either singly or in combination. (Id.)

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of light work and was thus unable to perform her past relevant work.³ (T 16, 19)

---

³Light work, defined at 20 C.F.R. §§ 404.1567(b), 416.967(b), involves the lifting of not more than twenty pounds occasionally with frequent lifting and carrying of objects weighing up to ten pounds.  The regulations further provide: "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or

3

However, taking into consideration the testimony of a vocational expert ("VE"), the ALJ ultimately determined that Plaintiff's age, educational background, work experience, and RFC directed a finding of "not disabled" within the framework of Medical-Vocational Rule 20.21 as Plaintiff could perform work as an assembler, cashier/checker, and packager. (T 18, 19-20) Therefore, the Commissioner found that Plaintiff was not eligible for DIB and SSI payments because she was not disabled at any time through the date of the ALJ's decision. (T 20)

Plaintiff filed a timely petition for judicial review of the Commissioner's denial of benefits. Plaintiff has exhausted all administrative remedies and the Commissioner's decision is ripe for review under the Act.

Plaintiff argues that the ALJ erred by (1) failing to adequately consider all of Plaintiff's alleged impairments, either individually or in combination, (2) failing to adequately consider the credibility of Plaintiff's pain testimony, and (3) failing to fully and adequately weigh the substantial evidence (Dkt. 20 at 2).

The medical evidence has been summarized in the ALJ's decision and will not be repeated here except as necessary to address the

---

leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

issues presented.

## II.

**A.** Plaintiff asserts that the ALJ failed to properly consider the credibility of Plaintiff's testimony regarding her headaches. Defendant counters that the ALJ properly found that Plaintiff's allegations were not fully credible as they were not consistent with the medical evidence as a whole.

Under the Eleventh Circuit pain standard, a plaintiff's subjective pain testimony will be considered if he or she presents (1) evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the pain or (3) evidence that the condition is so severe that it can reasonably be expected to cause the alleged pain. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." Id. at 1562. While an explicit credibility finding is necessary to avoid remand, this does not require a verbatim recitation of the pain standard; the ALJ need only make findings that indicate that the proper legal standard was utilized. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (citations omitted).

Although the ALJ did not expressly cite to the applicable standard, his findings and discussion indicate that the ALJ was aware of and applied the proper standard. See Wilson v. Barnhart,

5

284 F.3d 1219, 1226 (11th Cir. 2002). The ALJ noted that Plaintiff testified at the hearing on October 28, 2004 that she has experienced migraine headaches three times per week for the past twenty years and that these headaches last for up to three hours. (T 15, 349-350) Plaintiff further testified that she cannot sit up or function normally during one of these migraine headaches and that, while she takes medicine daily to alleviate the headaches, it "sometimes" improves the headaches, but "sometimes not." (T 349-350) The ALJ ultimately concluded that Plaintiff's allegations are "not fully credible as they are not consistent with the medical evidence as a whole." (T 16)

Only one of the several medical reports set forth in the record discusses Plaintiff's headaches in any detail. (T 149-150) In that report dated August 21, 2003, William Huntley, M.D. ("Dr. Huntley") indicated that he believes Plaintiff's chronic daily headaches may be related to pain medication being taken for Plaintiff's foot surgeries. (T 150) However, he did not identify any work-related restrictions due to headaches. Dr. Huntley prescribed medication to alleviate the headaches. In her hearing testimony on October 28, 2004, Plaintiff stated that the medications did "sometimes" alleviate her headaches. (T 349-350)

While Plaintiff stated in her request for a hearing by an ALJ that migraine headaches were one of the conditions that prevented her from performing substantial gainful activity (T 39), Plaintiff

6

did not list headaches in her initial disability reports as a condition that limits her ability to work. (T 82) Further, there is no objective medical evidence to show that Plaintiff's headaches have had any effect on her ability to work. To the contrary, though Plaintiff testified that she has experienced headaches for the past twenty years, Plaintiff's did not claim an inability to work until April 27, 2003.  In light of this evidence in the record, it was reasonable for the ALJ to conclude that Plaintiff's headaches do not affect her ability to work.

It is clear from the decision that the ALJ did apply the Eleventh Circuit pain standard, and that there was substantial evidence in the record to support his finding that Plaintiff's testimony was not fully credible.

**B.** Plaintiff claims that the ALJ erred by failing to fully and adequately consider the effects of her headaches, either individually or in combination with her other impairments. Defendant responds that the ALJ clearly acknowledged Plaintiff's headaches in his discussion of the medical evidence; further, Defendant counters that the ALJ implicitly found Plaintiff's headaches to be non-severe and that the ALJ properly considered Plaintiff's impairments in combination.

The ALJ must consider every alleged impairment and "state specifically the weight accorded [to] each item of evidence and the reasons for his decision" on such evidence. Gibson v. Heckler, 779

7

F.2d 619, 623 (11th Cir. 1986) (citations omitted).

In the hearing decision, the ALJ makes it clear that he did consider the individual effects of Plaintiff's headaches. The ALJ explicitly acknowledged that Plaintiff has "a history of headaches"; further, the ALJ detailed the medical report of Dr. Huntley regarding Plaintiff's "intractable migraines associated with myofascial neck pain." (T 14)  The ALJ also discussed Plaintiff's hearing testimony on October 28, 2004 regarding the frequency and duration of her migraine headaches.  Though the ALJ did not explicitly state that he found Plaintiff's headaches to be non-severe, it is clear that he considered all of Plaintiff's impairments and then listed those which he found to be severe, which did not include Plaintiff's headaches.[4] It is implicit in the decision that the ALJ did adequately consider the effects of Plaintiff's headaches and found them to be non-severe.

Plaintiff's argument that the ALJ failed to consider the effects of her headaches in combination with her other impairments is also without merit.  The ALJ has a duty to make "specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the [plaintiff] to be disabled." Walker v. Bowen, 826 F.2d 996,

---

[4] The ALJ's decision also notes Plaintiff's chronic pain syndrome, possible fibromyalgia, swelling of the hands, and shoulder and wrist pain and impliedly found them non-severe by not listing them with the severe impairments. (T 15)

8

1001 (11th Cir. 1987) (internal quotation marks and citations omitted). However, general language used by the ALJ may be sufficient to infer that the impairments were considered in combination. See, e.g., Wheeler v. Heckler, 784 F.2d 1073, 1076 (11th Cir. 1986)(finding that the ALJ had clearly considered the impairments in combination where the decision stated that the plaintiff was not "suffering from any impairment, or a combination of impairments of sufficient severity to prevent him from engaging in any substantial gainful activity").

The language in the ALJ's decision satisfies the requirements of Wheeler. Specifically, the ALJ stated that Plaintiff's impairments are "not 'severe' enough to meet or medically equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." (T 14, 19) The ALJ then discussed Plaintiff's impairments and medical records at length, including Plaintiff's migraine headaches. The general statement regarding consideration of the combination of impairments and the following detailed account of Plaintiff's impairments shows that the ALJ adequately considered Plaintiff's headaches in combination with her other impairments.

**C.** Finally, Plaintiff asserts that the ALJ failed to fully and adequately weigh the substantial evidence in this case. However, Plaintiff fails to articulate any arguments or evidence to support this contention and this issue is therefore rejected as conclusory.

9

**CONCLUSION**

The ALJ's decision is supported by substantial evidence and the proper legal principles. The decision of the Commissioner denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income payments is therefore affirmed.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1)  the decision of the Commissioner is **AFFIRMED** and this case is **DISMISSED**, with each party to bear its own costs and expenses; and

(2)  the Clerk of the Court shall enter final judgment in favor of Defendant consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

**DONE AND ORDERED** in Tampa, Florida this 7th day of March, 2007.

ELIZABETH A JENKINS
United States Magistrate Judge